a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JAVIER RAMON PEREZ, Petitioner | CIVIL ACTION NO. 1:18-CV-1252-P |
| VERSUS | JUDGE DEE D. DRELL |
| WARDEN, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2241) filed by pro se Petitioner Javier Ramon Perez ("Perez") (#24464-081). Perez is an inmate in the custody of the Federal Bureau of Prisons ("BOP"), incarcerated at the United States Penitentiary in Pollock, Louisiana. Perez challenges the calculation of his sentence by the BOP.

Because Perez has received all the credit to which he is legally entitled, his petition should be denied and dismissed.

I. Background

Perez was arrested on September 8, 2015 by police in Ogden, Utah for possession of a dangerous weapon by a restricted person. At the time of the arrest, Perez was on parole for a robbery conviction (Docket No. 061701160) and possession of a firearm by a restricted person (Docket No. 121900303). The new charge was dismissed by the State of Utah on March 3, 2016, but parole was revoked in the two prior cases. (Doc. 1-2, p. 14).

Perez was prosecuted in federal court for the firearms charge. Specifically, Perez was charged with possession of a firearm by a convicted felon (18 U.S.C. § 922(g)(1)) and possession of an unregistered silencer (26 U.S.C. § 5861(d)). On March 9, 2016, Perez was "borrowed" by the United States Marshal Service for his federal prosecution pursuant to a writ of habeas corpus *ad prosequendum*. In accordance with a plea agreement, Perez was convicted of possession of an unregistered silencer. (1:16-cr-0013, D. Utah, Doc. 26). Perez was sentenced to 63 months of imprisonment. (1:16-cr-0013, D. Utah, Doc. 26).

Following sentencing, Perez was returned to state authorities with a federal detainer. (Doc. 1-2, p. 14). On December 20, 2016, Perez was released from state custody to federal authorities. (Doc. 1-2, p. 14).

Perez filed an administrative grievance seeking additional prior custody credit from September 8, 2015, through October 14, 2016. (Doc. 1-2, p. 14). The Bureau of Prisons partially granted Perez's request at the national level, and applied prior custody credit from September 8, 2015 through October 20, 2015. According to the BOP, that time had not been credited toward Perez's state sentences for which his parole was revoked. (Doc. 1-2, p. 14). However, Perez did not receive credit for October 21, 2015 through December 20, 2016 because those dates were credited toward Perez's state sentences. (Doc. 1-2, p. 15).

II. <u>Law and Analysis</u>

The authority to grant or deny credit for time served is specifically reserved to the U.S. Attorney General, who has delegated that responsibility to the BOP. <u>See</u>

U.S. v. Wilson, 503 U.S. 329 (1992). The district court may review a challenge to the BOP's refusal to grant credit or make such a designation in a § 2241 petition. See Pierce v. Holder, 614 F.3d 158, 160 (5th Cir. 2010).

When a federal judgment is silent with respect to whether sentences are to run concurrently or consecutively, the presumption is that they will run consecutively unless the court specifically orders that they run concurrently. See 18 U.S.C. § 3584(a); U.S. v. Jack, 566 Fed. Appx. 331, 332 (5th Cir. 2014); Free v. Miles, 333 F.3d 550, 553 (5th Cir. 2003). Because the district court failed to specify the nature of the sentences, they are presumed to be consecutive.

Title 18 U.S.C. § 3585 provides that a defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences: "(1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence." 18 U.S.C. § 3585(b).

The BOP determined that Perez had not received credit on his state sentences from September 8, 2015, through October 20, 2015. Accordingly, the BOP granted Perez credit toward his federal sentence for those dates. (Doc. 1-2, p. 14). However, because Perez was serving his state sentences from October 21, 2015, through December 20, 2016, that time cannot also be credited toward Perez's federal sentence. See Vignera v. Attorney General of the United States, 455 F.2d 637, 638 (5th Cir. 1972).

## III. Conclusion

For the foregoing reasons, IT IS RECOMMENDED that Perez's § 2241 petition be DENIED and DISMISSED with prejudice.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 5th day of October, 2018.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge